UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VERON M. ASHLEY,

                              Plaintiff,

                                                                                  <u>DECISION AND ORDER</u>

                                                                                  14-CV-6288L

                         v.

ACTING COMMISSIONER CAROLYN M. COLVIN,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On December 21, 2010, plaintiff filed applications for disability insurance and Supplemental Security Income ("SSI") benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since December 31, 2007. (T. 36). Her applications were initially denied. Plaintiff requested a hearing, which was held on June 27, 2012 via videoconference before Administrative Law Judge ("ALJ") Bruce S. Fein. *Id*. The ALJ issued a decision on September 5, 2012, concluding that plaintiff was not disabled under the Social Security Act. (T. 36-45). That decision became the final decision of the Commissioner when the Appeals Council denied requests for review on January 31, 2014 and April 3, 2014. (T. 8-9).

Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #12), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, he then examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does so, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits her to perform relevant jobs she has done in the past, she is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986). *See also* 20 CFR §404.1560(c).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42

U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Nonetheless, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Fein's decision recites detailed findings of fact and recites the bases upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, that his finding that plaintiff is not totally disabled is supported by substantial evidence, and that the Appeals Council did not err in declining to remand the matter for consideration of medical evidence submitted after the ALJ's decision was issued.

The ALJ summarized plaintiff's medical records, concentrating on plaintiff's degenerative disc disease of the cervical spine with left upper extremity radiculopathy (nerve damage to plaintiff's shoulder), depressive disorder, antisocial personality disorder and substance addiction disorder, which he determined together constituted a severe impairment not meeting or equaling a listed impairment. (T. 38). I believe the evidence supports the ALJ's conclusion that plaintiff, then a forty-eight year old woman with a high school education (GED) and no past

relevant work, was not totally disabled, due to the ALJ's finding that plaintiff was able to perform the basic demands of unskilled, light work.  See 20 C.F.R. Part 303, Subpt. P, App. 2, Rule 202.20.  *See generally Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999) ("[i]n the ordinary case, the Commissioner meets his burden [to demonstrate substantial gainful work which exists in the national economy and which plaintiff can perform] by resorting to the applicable medical vocational guidelines").

### I. Plaintiff's Exertional Limitations

In determining plaintiff's RFC, the ALJ considered the medical record with regard to plaintiff's exertional limitations, which included treatment notes concerning degenerative disc disease of the cervical spine and left upper arm radiculopathy (neuropathy).  Based on this evidence, the ALJ determined that plaintiff retained the RFC to perform the substantial requirements of light work, including lifting 20 pounds occasionally and 10 pounds frequently, sitting, standing and/or walking for 6 hours in an 8-hour workday, and occasionally engaging in postural activities.

### II. Plaintiff's Non-Exertional Limitations

In assessing plaintiff's non-exertional limitations, the ALJ explicitly applied what is generally referred to as the "special technique," prescribed for the evaluation of non-exertional impairments in adults at Steps 2 and 3 of the ALJ's analysis.  The special technique requires an ALJ to assess four categories of functionality: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decomposition."  20 C.F.R. §§404.1520a(c)(3), 416.920a(c)(3).  Impairment in the first three categories must be ranked as none, mild, moderate, marked or extreme, and the number of episodes of decomposition must be ranked as none, one, two, or "three or more."  The ALJ must document his analysis of the

process in order to "reflect application of the technique, and . . . must include a specific finding as to the degree of limitation in each of the functional areas." *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (internal quotations omitted). A finding of "mild" or less in the first three categories, coupled with a finding of "none" in the final category and the absence of contrary evidence, directs the conclusion that a claimant's mental impairment is *not* severe. 20 C.F.R. §404.1520a(d)(1). If the finding indicates a greater degree of limitation, the claimant will be deemed to have a severe mental impairment, and if that impairment neither meets nor equals a listed impairment, the ALJ will proceed to determine the claimant's RFC with regard to non-exertional limitations. 20 C.F.R. §404.1520a(d)(3).

Applying the special technique, the ALJ determined that plaintiff was mildly restricted in activities of daily living, had mild difficulties in social functioning, experienced moderate difficulties in concentration, persistence or pace, and had experienced no episodes of decompensation. (T. 41). Concluding that plaintiff's mental impairments did not meet or equal a listed impairment, the ALJ proceeded to Step 4 of the analysis, the determination of plaintiff's RFC, and based on consideration of plaintiff's treatment records, opined that plaintiff had no significant limitations on her ability to understand and carry out simple instructions, respond appropriately to supervision, coworkers and usual work situations, and deal with changes in a routine work setting. (T. 42). Because plaintiff had the residual functional capacity to perform the full range of light work, with no appreciable limitations on her mental capacity for work, he found plaintiff "not disabled" pursuant to Medical-Vocational Rule 202.20.

### III. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff contends that the ALJ's RFC findings are not supported by substantial evidence, and that: (1) the ALJ failed to adequately develop the record with respect to plaintiff's limitations, by failing to order a psychiatric consultative examination or to make additional requests for an RFC report from plaintiff's treating physician; (2) the ALJ failed to give sufficient weight to the opinion of consulting physician Dr. Look Persaud, who opined that plaintiff's degenerative disc disease would cause marked limitations in lifting, carrying, pushing and pulling, and moderate restrictions in reaching overhead; and (3) the Appeals Council failed to give sufficient consideration to the opinion of physician Dr. Albert Chen that plaintiff is very limited in her ability to respond appropriately to supervision, co-workers, and changes in a routine work setting.

Initially, I find that the record was adequately developed. The record contains complete treatment records from all of plaintiff's treating physicians and mental health sources, without any apparent gaps, or need for additional clarification. As such, the ALJ was under no obligation to solicit additional information. *See e.g.*, *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (*citing Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)). Taken together, plaintiff's treatment records do not suggest that plaintiff cannot perform the physical demands of light work, or the basic mental demands of work (ability to understand, carry out and remember simple instructions, respond appropriately to supervisors, coworkers and typical work situations, and cope with changes to a routine work setting). To the contrary, although plaintiff's therapists make reference to periods of depression due to interpersonal problems with family members, plaintiff's psychotherapy records generally describe her as otherwise motivated, focused, verbal, and making "constructive use" of therapy, and reports by her treating physician consistently describe her as pleasant, cooperative, alert and oriented. (T. 307-309, 323, 333, 340, 393, 406,

416). Indeed, plaintiff indicated in a questionnaire concerning her functionality that she believes she has no problems paying attending, following spoken or written instructions, and getting along with supervisors and coworkers. (T. 210).

I also find that the ALJ did not err in declining to give greater weight to the opinion of evaluating physician Dr. Persaud, whose opinion concerning plaintiff's functional capacity was based on a single physical examination, and conflicted with substantial medical evidence of record to which Dr. Persaud did not have access, including the results of objective testing, including magnetic resonance imaging scans and electromyograms, and treatment records from plaintiff's treating physician Dr. Elizabeth Ho, which indicated the plaintiff was neurologically intact, with only minor indications of disc narrowing and "early" bone spurs, without any bone structure abnormalities, "bony destruction" or spinal cord compression. (T. 256, 257, 258, 267, 301, 305, 306).

Finally, the Appeals Council did not commit error when it declined to remand the matter upon review of Dr. Chen's November 22, 2013 opinion, which was submitted after the ALJ's decision was issued. While a treating physician's opinion is generally entitled to controlling weight, the Appeals Council had an adequate basis to conclude that Dr. Chen's opinion "does not establish any further restrictions in the claimant's ability to function prior to the issuance of the [ALJ's] decision." (T. 8). Specifically, although Dr. Chen is a psychiatrist and thus an appropriate specialist to render an opinion concerning plaintiff's mental RFC, his treatment relationship with plaintiff began "less than one month" before he authored his report, the report is unsupported by any treatment records or test results, it conflicts with the record as a whole, and even if credited, Dr. Chen's assessment, dated nearly one year after the ALJ's decision, does not reflect the plaintiff's condition or limitations during the time period considered by the ALJ.

(T. 20). *See generally Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (treating physician is entitled to controlling weight if his opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other evidence of record, and cannot be rejected without consideration of the length and nature of treatment, the evidence supporting the opinion, its consistency with the record, and whether the physician is a specialist).

I have considered the rest of plaintiff's claims, and I find that overall, the record simply does not support plaintiff's claim of total disability: I concur with the ALJ and conclude that there is substantial evidence to support his determination of plaintiff's residual functional capacity, and his application of the Grids to find plaintiff' "not disabled" was proper. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 17, 2015.